BLANK ROME, LLP
Attorneys for Plaintiff
ANGOALISSAR LDA
Thomas H. Belknap, Jr. (TB-3188)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**Judge Hellerstein**

| | |
|---|---|
| ANGOALISSAR LDA,<br><br>　　　　　Plaintiff,<br><br>　-against-<br><br>TRIDENT INTERNATIONAL TRADING CORP.,<br><br>　　　　　Defendant. | **07 CIV 7028**<br><br>**VERIFIED COMPLAINT** |



RECEIVED
AUG 0 6 2007
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff, ANGOALISSAR LDA ("Plaintiff"), by its attorneys Blank Rome, LLP, complaining of the above-named Defendant, TRIDENT INTERNATIONAL TRADING CORP. ("Defendant"), alleges upon information and belief as follows:

1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has admiralty jurisdiction under 28 U.S.C. §1333.

2. At all material times, Plaintiff was and now is a foreign company with its offices at Rua 25 de Arbil Nr. 33-1, Andar, Lobito, Republic of Angola.

3. At all material times, Defendant was and is a foreign corporation or other business entity organized under the laws of Liberia and with no place of business in the United States.

4. Pursuant to bills of lading issued on or about August 15, 2006, Defendant contracted to carry aboard the M/V ARION, for or for the benefit of Plaintiff, 5000 MTs of bagged yellow maize flour from Ravenna to Luanda and Lobito in Angola.

5. Although the cargo was duly delivered to the Vessel in good order and condition, certain cargo carried under bills of lading nos. 1 and/or 2 referenced above was not delivered, was misdelivered, or was otherwise lost, damaged or destroyed, resulting in a shortage of cargo at the discharge port(s).

6. As a consequence of said shortage, Plaintiff suffered damages in the principal amount of $39,153.33.

7. Additionally to the foregoing, during the Vessel's voyage which is the subject of this action, the Vessel suffered a breakdown while off Las Palmas as a result of which the Vessel required and received salvage services provided by Tsavliris Salvage (International) Ltd. pursuant to Lloyds' open form contract.

8. The Salvage was successful in that Vessel and cargo were ultimately able to conclude the voyage. Upon conclusion of the successful salvage, and in consideration for refraining from arresting or attaching the cargo as security for its salvage claim, the salvor agreed to accept and Plaintiff agreed to give security in the amount of $360,000 against a possible salvage award in favor of the salvor and against the cargo and/or Plaintiff.

9. Subsequently, the salvor commenced arbitration in London against, *inter alia*, Plaintiff pursuant to the salvage agreement seeking a salvage award for salvage of its cargo. That arbitration is currently on-going.

10. The Vessel's breakdown and subsequent salvage resulted solely as a consequence of its unseaworthiness and/or as a result of the negligence, recklessness, breach of warranty

and/or breach of contract of the Defendant and not as a result of any fault, act or omission of Plaintiff or those for whose acts Plaintiff is responsible.

11. As a consequence of Defendant's breach, Plaintiff has suffered and continues to suffer substantial damages.

12. The relevant bills of lading require arbitration of disputes thereunder in London, and Plaintiff has demanded arbitration of Defendant in London seeking recovery on its shortage claim and on its claim arising out of the breakdown and salvage of the Vessel. Plaintiff reserves it right to arbitrate the dispute pursuant to 9 U.S.C. § 8.

13. Maritime Arbitrators in London routinely award interest, legal fees and arbitral costs to a successful party. Plaintiff estimates that, in addition to the salvor's principal award, it may be awarded attorneys' fees, arbitrators' fees, costs and interest against Plaintiff in the amount of approximately US $70,000.

14. Additionally, Plaintiff estimates that it will be awarded attorneys' fees, arbitrators' fees, costs and interest of US$90,000 against Defendant in the London arbitration.

15. Although duly demanded, Defendant has refused to provide security for any part of Plaintiff's claim.

16. Accordingly, the total amount of Plaintiff's claims for which Plaintiff requests issuance of Process of Maritime Attachment and Garnishment is **US$559,153.33**.

17. Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendant is believed to have or will have during the pendency of this action, assets within this district consisting of cash, funds, freight and/or hire credits in the hands of garnishees in this District, including but not limited to electronic fund transfers.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims, attaching all of Defendant's tangible or intangible property or any other funds held by any garnishee in the district which are due and owing or otherwise the property of to the Defendant up to the amount of **US$559,153.33** to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C. That this Court enter judgment for Plaintiff's damages plus interest and costs, or retain jurisdiction over this matter through the entry of a judgment on an arbitration award.

D. That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: New York, NY
August 6, 2007

Respectfully submitted,
BLANK ROME, LLP
Attorneys for Plaintiff
ANGOALISSAR LDA

By _____
Thomas H. Belknap, Jr. (TB-3188)
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000

311510.1
900200.00001/6564757v.1

4

## VERIFICATION

STATE OF NEW YORK      )
                       : ss.:
COUNTY OF NEW YORK     )

Thomas H. Belknap, Jr., being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Blank Rome LLP, attorneys for the Plaintiff.

2. I have read the foregoing Complaint and I believe the contents thereof are true.

3. The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of the Plaintiff.

_____
Thomas H. Belknap, Jr.

Sworn to before me this
6th day of August 2007

_____
Notary Public

ELAINE BONOWITZ
Notary Public, State of New York
No. 43-4893320
Qualified in Richmond County
Certificate Filed in New York County
Commission Expires May 11, 20__

311510.1
900200.00001/6564757v.1

5

BLANK ROME, LLP
Attorneys for Plaintiff
ANGOALISSAR LDA
Thomas H. Belknap, Jr. (TB-3188)
The Chrysler Building
405 Lexington Ave.
New York, NY  10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANGOALISSAR LDA,<br><br>            Plaintiff,<br><br>    -against-<br><br>TRIDENT INTERNATIONAL TRADING CORP.,<br><br>           Defendant. | 07 Civ.<br><br>**AFFIDAVIT UNDER**<br>**SUPPLEMENTAL RULE B** |

STATE OF NEW YORK    )
                                ) ss:
COUNTY OF NEW YORK )

    THOMAS H. BELKNAP, JR., being duly sworn, deposes and says:

    1.    I am a member of the Bar of this Honorable Court and a member of the firm of Blank Rome, LLP, attorneys for the Plaintiff herein. I am familiar with the circumstances of the complaint and submit this affidavit in support of Plaintiff's request for the issuance of process of maritime attachment and garnishment of the property of defendant, ("Defendant"), a foreign corporation, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

    2.    Defendant is a party to a maritime contract of charter party and is a foreign corporation with offices in Liberia and no offices or place of business within this judicial district.

900200.00001/6564815v.1

3. Under my supervision, my office did a search of the New York State Secretary of State, Division of Corporations, the Transportation Tickler, telephone assistance, and a general internet search.

4. In our search, we did not find any listing or reference to Defendant in this judicial district or the state of New York. In the circumstances, I believe Defendant cannot be found within this district.

THOMAS H. BELKNAP, JR.

Sworn to before me this
6th day August, 2007

Notary Public

ELAINE BONOWITZ
Notary Public, State of New York
No. 43-4893320
Qualified in Richmond County
Certificate Filed in New York County
Commission Expires May 11, 20___

311808.1
900200.00001/6564815v.1

2